# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

STEVEN JERREL RAY,

                         Petitioner,                        Case Number: 06-CV-12517

v.                                                  HON. VICTORIA A. ROBERTS

HAROLD WHITE,

                         Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Steven Jerrel Ray has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his conviction for distributing obscene matter to a minor. At the time he filed his petition, Petitioner was incarcerated at the Parnall Correctional Facility in Jackson, Michigan. Petitioner has since been unconditionally discharged from the custody of the Michigan Department of Corrections. Respondent has filed an Answer in Opposition to Petition for Writ of Habeas Corpus. For the reasons set forth below, the Court denies the petition.

## I. Facts

Petitioner's conviction arises from an incident that occurred on January 20, 2004 at Petitioner's place of business in Westland, Michigan. Petitioner worked in a resale and appliance store. The prosecution alleged that Petitioner showed pornographic material to nine-year-old Ashley Toth, who was working at the store.

Ashley Toth refused to answer question at trial regarding the incident. The trial court determined that she was unavailable and allowed her preliminary examination testimony to be

read into the record.  Toth testified that, on January 20, 2004, she was sitting on the couch in the store, when Petitioner sat beside her and showed her pictures from a hard cover book.  The pictures depicted people in sexual positions.  Toth testified that she then told Petitioner she had to leave to go home.  At the preliminary examination, Toth identified a book entitled The Ultimate Sex Book as the book from which Petitioner showed her pictures.

Westland Police Officer Joseph Bobby testified that he investigated a complaint of child molestation on January 20, 2004.  Officer Bobby interviewed Petitioner, who denied the allegations.  Petitioner told Officer Bobby that he did not show Toth pictures, but did tell her dirty jokes.

Westland Detective Sergeant Debra Matthews testified that she was the officer in charge of this case.  She testified that a book entitled The Ultimate Sex Book was confiscated from the resale shop where Petitioner worked.

Angelique Graham, Ashley Toth's mother, testified that Ashley, who was then nine, worked at the resale shop for about a month.  Graham testified that, on January 20th, Ashley told her about events that occurred at the resale shop.  Ashley told her she was sitting on a love seat with Petitioner when he pulled out a magazine and started showing her pictures.

Tony Andrew Hrabec testified for the defense.  He testified that he worked at the resale shop and has known Petitioner for about eleven years.  He recalled that a week before January 20th, he saw Ashley looking at the book in the shop.  When he saw her looking at it, he took it from her, told her she should not be looking at the book, and threw it in the trash.

Mary Hrabec, Tony Hrabec's mother, also testified for the defense.  She testified that she worked at the shop all day on January 20th and that Ashley Toth did not come to the store that

day.

Petitioner did not testify in his own defense.

## II.  Procedural History

Following a bench trial in Wayne County Circuit Court, Petitioner was convicted of one count of distributing obscene material to a child, in violation of Mich. Comp. Laws § 722.675. On June 14, 2004, he was sentenced to 14 months to 3 years' imprisonment.

Petitioner filed an application for leave to file a delayed appeal in the Michigan Court of Appeals, presenting a single claim for relief:

> Defendant-appellant was denied a fair trial when the prior testimony of a witness was used, and there was not a showing that the witness was not available to testify, contrary to Defendant-appellant's constitutional rights.

The Michigan Court of Appeals denied leave to appeal.  People v. Ray, No. 263294 (Mich. Ct. App. Sept. 15, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim raised before the Michigan Court of Appeals.  The Michigan Supreme Court denied leave to appeal.  People v. Ray, No. 129756 (Mich. March 8, 2006).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the Confrontation Clause claim raised on direct review in state court.

## III.  Standard of Review

Section 2254(d) of Title 28 U.S.C., imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Additionally, this Court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."  Id. at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 410-11.

## IV.  Discussion

Petitioner argues that the trial court violated his rights under the Confrontation Clause when it admitted the prior preliminary examination testimony of the complainant, Ashley Toth, without a showing that Toth was unavailable to testify.

The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. Const. amend. VI.  "The Sixth Amendment's right of an accused to confront the

witnesses against him is . . . a fundamental right and is made obligatory on the States by the Fourteenth Amendment." Pointer v. Texas, 380 U.S. 400, 403 (1965). The rights of confrontation and cross-examination "have ancient roots" which the "Court has been zealous to protect . . . from erosion." Id., at 404-05 (internal quotation omitted). The right to a trial by jury is predicated upon the belief "'that the 'evidence developed' against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross examination, and of counsel.'" Id. at 405, *quoting* Turner v. State of Louisiana, 379 U.S. 466, 472-73 (1965).

In Crawford v. Washington, 541U.S. 36, 68 (2004), the Supreme Court held that out-of-court statements that are testimonial in nature are barred by the Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity for cross-examination regardless of whether the trial court finds the statements to be reliable. While the Supreme Court declined to "spell out a comprehensive definition of 'testimonial,'" the Court held that, at a minimum, the term covers "prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." Id..

In this case, Ashley Toth's preliminary examination testimony was clearly testimonial in nature. Petitioner's counsel cross-examined Toth at the preliminary examination. Thus, the second prong of Crawford is satisfied. The Court, therefore, need only determine whether the state court's determination that Toth was unavailable was contrary to or an unreasonable application of Supreme Court precedent. Petitioner argues that the trial court incorrectly determined Toth was unavailable because the trial court never ordered Toth to testify. Michigan Rule of Evidence 804(A)(2) states that a witness is unavailable to testify if he or she refuses to

do so "despite an order from the court to do so."  This Court, however, may not grant habeas relief on a perceived error of state law.  <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984); *see also* <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991) (holding that "'federal habeas corpus review does not lie for errors of state law.'") *quoting* <u>Louis v. Jeffers</u>, 497 U.S. 764, 780 (1990).  Habeas relief may only be granted where a state court's decision is "contrary to or involved an unreasonable application of clearly established Federal law."  28 U.S.C. § 2254(d).  Therefore, to the extent that Petitioner argues that the admission of this testimony violated state law, this claim is not cognizable on habeas review.

During trial, Toth answered some preliminary and general question from the prosecutor. However, when the prosecutor began to ask Toth specific questions regarding the day of the incident, Toth indicated that she did not want to testify and was extremely nervous.  After a break, the prosecutor represented to the Court that Toth was refusing to testify.  Defense counsel stated that it was clear that Toth did not want to testify and it was clear that, with or without a court order, she was not going to change her mind.  Given Toth's tender age, defense counsel's acknowledgement that Toth clearly would not testify, and the trial court's careful consideration of the circumstances of the case, the state court's determination that Toth's refusal to testify even absent a court order made her "unavailable" for Confrontation Clause purposes was not contrary to or an unreasonable application of Supreme Court precedent.

## V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus

is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

> S/Victoria A. Roberts
> Victoria A. Roberts
> United States District Judge

Dated: April 1, 2008

| The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on April 1, 2008. |
| --- |
| s/Carol A. Pinegar |
| Deputy Clerk |